SLIP OPINION

Cite as 2014 Ark. App. 585

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–106

| | | |
|---|---|---|
| | | **Opinion Delivered** October 29, 2014 |
| CLIFFORD MALONE | APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT [NO. CR–2011-104] |
| V. | | |
| | | HONORABLE DAVID G. HENRY, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

**ROBIN F. WYNNE, Judge**

Clifford Malone appeals from his conviction for rape. He argues on appeal that the State failed to prove that he was the victim's guardian, which is a necessary element of the offense as charged. We affirm.

Appellant was charged with one count of rape. The criminal information alleged that on or about May 30, 2011, he engaged in sexual intercourse or deviate sexual activity with a minor and that he was the victim's guardian. A person commits the offense of rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is a minor and the actor is the victim's guardian. Ark. Code Ann. § 5–14–103(a)(4)(A)(i) (Repl. 2013). For the purposes of section 5–14–103, "guardian" means a parent, stepparent, legal guardian, legal custodian, foster parent, or any person who by virtue of a living arrangement is placed in an apparent position of power or authority over a minor. Ark. Code Ann. § 5–

SLIP OPINION

14-101(3) (Repl. 2013).

At trial, the victim, A.H., who was seventeen at the time of trial, testified that on May 30, 2011, appellant told her to remove her clothes. She testified that she did what he told her to do, and he rubbed lotion on her breasts, buttocks, and vaginal area. He also put his finger inside her vagina. A.H. and appellant were alone in the house at that time.

Tina Woolridge, A.H.'s mother, testified that A.H.'s father had custody of her since 1998 and that she exercised visitation with A.H. either every weekend or every other weekend. A.H. would stay at Ms. Woolridge's home during the entire weekend of visitation. At the time of the offense, appellant was Ms. Woolridge's boyfriend and was living with her in the home they shared. Ms. Woolridge estimated that by May 2011, she had been exercising visitation with A.H. for about a year. Ms. Woolridge testified that there were two or three occasions on which she left A.H. alone with appellant while she went to work. According to Ms. Woolridge, appellant was responsible for A.H.'s care while she was not there. A.H. testified that appellant was with her every time she was at the house and her mother was not there. A.H.'s grandmother lived near her mother, and A.H. had to tell appellant if she was going to her grandmother's house if Ms. Woolridge was not there so that he would know where she was.

After the State rested, appellant moved for a directed verdict, arguing that the State failed to prove that he was A.H.'s guardian. The trial court denied the motion, stating that "if there was some protection or decision that needed to be made, he was an adult on the scene with apparent authority to make that–to make that call." Appellant took the stand and

denied committing the offense. He also stated that there were times during which he would supervise A.H. while Ms. Woolridge was at work. At the close of all of the evidence, appellant renewed his motion for directed verdict, which was denied.

The jury found appellant guilty of rape. The trial court sentenced appellant to 120 months' imprisonment in the Arkansas Department of Correction. This appeal followed.

Appellant's sole argument on appeal is that the State failed to prove that he was A.H.'s guardian for the purposes of section 5-14-103. As stated above, the applicable definition of the term "guardian" includes any person who by virtue of a living arrangement is placed in an apparent position of power or authority over a minor. Ark. Code Ann. § 5-14-101(3). Appellant first argues that he does not meet the applicable definition of guardian because there was no evidence that A.H. lived with him beyond sporadic visitation. Although appellant did not live with the victim's custodial parent, any apparent position of power or authority he had over A.H. would be the result of a living arrangement, specifically, his living arrangement with A.H.'s mother. Appellant lived with A.H.'s mother. A.H. was required to spend time in her mother's home as a result of the custody and visitation arrangement between her parents. Clearly, A.H.'s contact with appellant was as a result of a living arrangement. Appellant's argument lacks merit.

Appellant next makes several arguments challenging the evidence presented by the State in order to prove that he was placed in an apparent position of power or authority over A.H. Appellant's argues that there was no evidence that he was a caretaker of A.H. or that he was a disciplinarian to A.H. In support, he contrasts this case with opinions by this court

and our supreme court in which defendants who were caretakers or disciplinarians to their eventual victims were held to have been in apparent positions of power or authority over their victims. While evidence of caretaking, disciplining, or other related interactions may be facts that have been highlighted by our appellate courts in determining whether a defendant was a victim's guardian for the purposes of the statute, such facts are not required to be present. All that is required is that the defendant be in an apparent position of power or authority over the victim.

There was evidence before the jury in this case that appellant was left alone with A.H. on several occasions, including the day of the offense. A.H.'s mother testified that appellant was responsible for A.H's care while she was away at work. Appellant stated that he would supervise A.H. while her mother was at work. A.H. testified that when appellant asked her to remove her clothes, she did what she was told to do. We hold that the evidence presented to the jury was sufficient for the jury to reasonably conclude that appellant was in a position of apparent power or authority over A.H. when the offense occurred.

Affirmed.

GLADWIN, C.J., and PITTMAN, J., agree.

*The Mullenix Firm, PLLC*, by: *D. Ryan Mullenix*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.